The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CONTINENTAL WESTERN INSURANCE COMPANY, a foreign corporation,<br><br>Plaintiff,<br><br>v.<br><br>LEXINGTON INSURANCE COMPANY, a foreign corporation<br><br>Defendant. | Case No. CV-09-1112 MJP<br><br>**ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT RE: DAMAGES** |

This matter comes before the Court on Plaintiff's motion for partial summary judgment on the issue of damages. (Dkt. No. 18.) Having reviewed the motion, Defendant's response (Dkt. No. 23), Plaintiff's reply (Dkt. No. 26.), and all papers submitted in support thereof, the Court DENIES the Plaintiff's motion for the reasons set forth below.

**Background**

This action arises from the on-the-job death of Richard Collins ("Collins"), an employee of Bulldog Demolition & General Contracting ("Bulldog"), on October 6, 2003. (Compl. ¶¶ 5-6.) At the time of Collins' death, Bulldog was subcontracting for Ketchikan Drywall Services,

Inc. ("Ketchikan").  (Compl. ¶¶ 4-5.)  Bulldog was insured by Lexington Insurance Company ("Lexington" or "Defendant") with a $1,000,000 "each occurrence" limit.  (Verfurth Decl., Ex. 1.)  Ketchikan had two policies with Continental Western Insurance Company ("Continental" or "Plaintiff") and was an additional insured under Bulldog's Lexington policy. (Verfurth Decl., Ex. 3, 4; Dkt. No. 23 at 2.)

On June 7, 2005, Collins' estate filed a survivorship and wrongful death action in King County Superior Court against Ketchikan and other defendants.  (Compl. ¶ 11; Dkt. No. 18 at 3; Dkt. No. 23 at 5.)  Continental tendered the claim to Lexington, which agreed under a reservation of rights to defend Ketchikan.  (Dkt. No. 23 at 5; Verfurth Decl., Ex. 5, Ex. 6.)  The Continental-retained attorney "monitor[ed] the situation" but chose not to become "actively involved" in the defense.  (Verfurth Decl., Ex. 14 at 3.)  Lexington's settlement attempts before and during trial were unsuccessful.  (Dkt. No. 23 at 7; Verfurth Decl., Ex. 22 at 7, Ex. 25 at 3.)  On February 15, 2008, the jury returned a verdict against Ketchikan in the amount of $4,553,270.20.  (Smith Decl., Ex. D.)

After the jury verdict, Lexington tendered its $1,000,000 policy limit to Continental, which then took over Ketchikan's defense.  (Smith Decl. ¶ 3; Dkt. No. 23 at 8.)  At a July 31, 2008, mediation, Ketchikan and Collins' estate settled the case in the amount of $3,400,000. (Smith Decl., Ex. 2.)  King County Superior Court determined that the settlement was reasonable.  (Smith Decl., Ex. 7.)

On June 29, 2009, Continental brought an equitable subrogation claim against Lexington, asserting in relevant part that Lexington acted negligently and in bad faith when it failed to make reasonable settlement offers to resolve the claims against Ketchikan.  (Compl. ¶¶ 24-27.) Continental now moves for a partial summary judgment that if Lexington's negligent or bad faith

ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT RE: DAMAGES - 2     CASE NO. CV-09-1112 MJP

liability is established at trial, then Continental is entitled to $2,400,000 in damages (the settlement amount minus the $1,000,000 previously tendered).  (Dkt. No. 18 at 1-2.)

**Analysis**

A.   Summary judgment standard

"Summary judgment will not lie if . . . the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Nor is it warranted if a material issue of fact exists for trial.  Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995), cert. denied, 516 U.S. 1171 (1996).  The underlying facts are viewed in the light most favorable to the party opposing the motion.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  The party moving for summary judgment has the burden to show initially the absence of a genuine issue concerning any material fact.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970).  However, once the moving party has met its initial burden, the burden shifts to the nonmoving party to establish the existence of an issue of fact regarding an element essential to that party's case, and on which that party will bear the burden of proof at trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  To discharge this burden, the nonmoving party cannot rely on its pleadings, but instead must have evidence showing that there is a genuine issue for trial.  Id. at 324.

B.   Damages

"[U]nder the doctrine of equitable subrogation, the duty a primary insurer owes an excess insurer is identical to that owed the insured."  First State Ins. Co. v. Kemper Nat'l Ins. Co., 94 Wn. App. 602, 610-611 (1999) (footnote omitted).  Thus, "[a]n excess insurer is subrogated to the rights an insured has to recover on claims the insured has against the primary insurer." Id. at 610.  "[I]f an insurer acts in bad faith by refusing to effect a settlement for a small sum, an

ORDER DENYING MOTION FOR PARTIAL SUMMARY
JUDGMENT RE: DAMAGES - 3                                           CASE NO. CV-09-1112 MJP

insured can recover from the insurer the amount of a judgment rendered against the insured, even if the insured exceeds contractual policy limits." Besel v. Viking Ins. Co. of Wis., 146 Wn.2d 730, 735 (2002) (citing Evans v. Cont'l Cas. Co., 40 Wn.2d 614 (1952)).  "The same rule applies when an insured settles in similar circumstances." Besel, 146 Wn.2d at 736 (citing Evans, 40 Wn.2d at 628).  "In such a case, the insurer is liable for the settlement to the extent the settlement is reasonable and paid in good faith." Besel, 146 Wn.2d at 736 (citing Evans at 628).  Such "[a] good faith settlement establishes the insured's presumptive damages when the insurer, in bad faith, declines to participate in the liability suit." Mut. of Enumclaw Ins. Co. v. T & G Constr., Inc., 165 Wn.2d 255, 266 (2008) (citing Besel, 146 Wn.2d at 738).

Unlike bad faith claims, "[t]he courts are not in agreement in holding the insurer liable for negligence in failing to settle . . . ." Evans, 40 Wn.2d at 628 (citing Burnham v. Commercial Cas. Ins. Co., 10 Wn.2d 624, 627-28 (1941) (distinguishing "mistake of judgment" from bad faith, the court found that bad faith is the sole basis for recovery against an insurer for a judgment outside the policy limits)).

As a preliminary matter, Defendant argues that Plaintiff is not a true excess insurer and is therefore not entitled to the relief requested.  (Dkt. No. 23 at 12.)  This argument is outside the scope of the motion, and the Court does not address it in this Order.

    1.    <u>Negligence claim</u>

Plaintiff erroneously asserts that $2,400,000 is the presumptive measure of damages for its negligence claim against Defendant.  (Dkt. No. 18 at 5.)  Washington does not adopt the same rule for negligent insurers that fail to settle as it does for insurers acting in bad faith. See Evans, 40 Wn.2d at 628 (citing Burnham, 10 Wn.2d at 627-28).  The State has long held that without bad faith, an insurer "is not liable beyond the limits of its policy . . . ." See 10 Wn.2d at 628.

ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT RE: DAMAGES - 4        CASE NO. CV-09-1112 MJP

This emphasis on bad faith, rather than on negligence, is in line with the nation's majority rule. See Besel, 146 Wn.2d at 735. Plaintiff offers no other evidence that summary judgment is proper in this case. Thus, Plaintiff's motion is denied as to the negligence claim because Plaintiff has not met its burden to demonstrate the absence of a material issue of fact on this claim.

2. Bad faith claim

Plaintiff argues that partial summary judgment for its bad faith claim is proper solely because the presumptive measure of damages in this case is $2,400,000. (Dkt. No. 18.) The Court disagrees.

If Plaintiff prevails on its bad faith claim, then the presumptive measure of damages will be the $3,400,000 reasonable settlement minus the $1,000,000 Defendant previously tendered to Plaintiff. See Mut. of Enumclaw Ins. Co., 165 Wn.2d at 266. However, beyond the existence of this presumption, Plaintiff offers no authority that supports summary judgment on this issue. Nor does Plaintiff offer authority defining this presumption as irrebuttable. Although the Court does not reach the merits of Defendant's numerous affirmative defenses here (see Answer at 5; see also Dkt. No. 23 at 20-23[1]), the Court does recognize that each may alter the measure of damages. Defendant should have the opportunity to present its case and rebut the damages presumption at trial. The Court DENIES Plaintiff's motion for partial summary judgment on its bad faith claim against Defendant.

---

[1] The Court does not reach the issue of whether Defendant is precluded from raising the unclean hands defense. (See Dkt. No. 23 at 20-23; see also Dkt. No. 26 at 7.) Neither party has moved on the issue.

## Conclusion

Plaintiff is not entitled to summary judgment simply because a presumption may arise. Defendant is permitted the opportunity at trial to rebut the presumptive measure of damages and potentially lower its damages. The Court DENIES Plaintiff's motion for partial summary judgment.

The Clerk shall transmit a copy of this Order to all counsel of record.

Dated this 18th day of March, 2010.

Marsha J. Pechman
United States District Judge